UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANTON *ET AL.*, | § | |
|     *Plaintiff*s, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-3221 |
| | § | |
| THE GOODYEAR TIRE & RUBBER CO., *ET AL.*, | § | |
|     *Defendants*. | § | |

## ORDER

This products liability case is before the court on plaintiffs' motion to compel depositions (Dkt. 68), and supplement thereto (Dkt. 70). Having considered the parties' submissions and the law, the court concludes that plaintiffs' motion should be granted in part.

Plaintiffs' motion, Goodyear's response, and plaintiffs' reply set forth in excruciating detail the history of the parties' correspondence in a wholly unproductive effort to blame each other for the lack of progress in taking depositions of Goodyear employees and former employees. The bottom line is plaintiffs are entitled to take some depositions. Both sides are obligated to cooperate in setting the depositions at mutually acceptable times within the discovery period.

Plaintiffs have specifically requested the depositions of Mike Smith, Rick Read, J.B. Jaboor, Kim Cox, and Chuck Yurkevich. Plaintiffs have also asked for the deposition of corporate representatives to testify on 44 subject areas.

<u>**Mike Smith**</u>: Goodyear represents that Mike Smith is available for deposition on October 18, 2007. In reply, plaintiffs continue to complain that Smith was not made

available sooner, and object to being provided only one date. However, they do not state any objection to October 18, 2007 as the deposition date and the court orders that the deposition go forward on that day.

***Rick Read***: Goodyear represents that it will make Rick Read available for deposition in October, but has not yet provided any dates. The court orders that the deposition of Rick Read take place on a mutually convenient date prior to October 31, 2007.

***J.B. Jaboor***: Jaboor is no longer a Goodyear employee. Goodyear contends that it exercises no control over Jaboor and cannot make him appear for a deposition. Goodyear represents that it previously provided dates for Jaboor's deposition, but plaintiffs' counsel was unavailable. Nonetheless, Goodyear has offered to continue to request available dates from Jaboor in hopes of satisfying plaintiffs' request. Goodyear's offer indicates that Goodyear has current contact information for Jaboor. The court orders Goodyear to provide plaintiffs with the last known address and telephone number for Jaboor so that plaintiffs' counsel can contact him directly.

***Kim Cox***: Goodyear objects to producing Kim Cox for deposition in this case until a federal court in California overseeing an unrelated case has ruled on the proper scope of Cox's deposition. Goodyear does not explain why discovery in this case should await a ruling in an unrelated case in a different forum.[1] Goodyear has not stated a substantive

---

[1] Goodyear's position is puzzling, given that Goodyear vehemently objects to plaintiffs' attempts to rely on rulings from other cases in support of their motion to compel. Goodyear response, at 5 n.2.

objection to producing Cox for a deposition in this case, or made any effort to explain why the California court's ruling should dictate the scope of discovery in this case. The court orders Goodyear to produce Cox for a deposition on or before October 31, 2007, subject to a motion for protection supported by authority for Goodyear's position that Cox's deposition should not go forward or should be limited in scope.

***Chuck Yurkevich***: Yurkevich is no longer employed by Goodyear. For whatever reason, Goodyear has not offered, as it did for Jaboor, to request available dates from him. The court orders Goodyear to provide plaintiffs' counsel with the last known address and telephone number for Yurkevich.

***Rule 30(b)(6) Depositions***: Goodyear objects to plaintiffs' request first because it seeks discovery related to tires other than the G159 model in this case, and second because compliance will cause plaintiffs to exceed the ten deposition limit of Federal Rule of Civil Procedure 30(a)(2)(A).

The vast majority of the 44 topics on which plaintiffs seek testimony relate specifically to the G159 model tire at issue in this case. One request (No. 6) relates to differences in durability between G159 and G670 tires, and two seek information regarding testing on G670 (No. 22) and G391 (No. 23) tires to determine their suitability for use on Class A motor homes. Goodyear represents that it has no objection to producing a witness regarding G159 tires. The court has ruled in a separate order that plaintiffs may pursue discovery related to G670 and G391 tires suitable for use on motor homes. It should not be

unduly burdensome for Goodyear to designate one or two additional individuals with knowledge of the three requests related to G670 and G391 tires. Thus, Goodyear's objection to the breadth of plaintiffs' request is overruled.

Given that, according to plaintiffs, Goodyear has served **79** notices of depositions on written questions, its objection to the number of depositions plaintiffs seek is unreasonable. The court assumes it will not be necessary to designate 44 different individuals to cover plaintiffs' requests. The court grants plaintiffs leave to exceed the 10 deposition limit to the extent necessary to complete its Rule 30(b)(6) deposition request.

The court denies plaintiffs' request for sanctions at this time. It is therefore

ORDERED that plaintiffs' motion to compel (Dkt. 68, 70) is granted to the extent described above.

Signed at Houston, Texas on September 10, 2007.

Stephen Wm Smith
United States Magistrate Judge